

## Case Number: LACV089137    Case Title: LISA E UPAH VS MERCY MEDICAL CENTER

Opened: 11-22-2017
County: Linn
Case Type: EMPLOYMENT CLAIM     Status: Active     Judge:
Next Scheduled Date & Time: 2018-10-16 09:00:00     Event: NON JURY TRIAL
Prayer Amount: $.00
⊞ Show/Hide Participants

| File Date | Case History |
| --- | --- |
| 06-08-2018 08:13:00 AM<br>Defendant | Notice<br>DEFENDANT'S NOTICE OF SERVING SECOND SUPPLEMENTAL INITIAL DISCLOSURES<br>Filed by: THOMAS DAG WOLLE |
| 06-06-2018 01:56:00 PM<br>Defendant | NOTICE OF DISCOVERY REQUEST<br>DEFENDANT'S FIRST SUPPLEMENTAL TO INITIAL DISCLOSURES<br>Filed by: THOMAS DAG WOLLE |
| 05-31-2018 04:35:00 PM<br>Plaintiff | NOTICE OF DISCOVERY REQUEST<br>Filed by: LYNN M SMITH |
| 05-30-2018 01:07:00 PM<br>Defendant | Notice<br>NOTICE OF DEPOSITION OF LISA UPAH<br>Filed by: THOMAS DAG WOLLE |
| 05-23-2018 10:15:00 AM<br>Defendant | NOTICE OF DISCOVERY REQUEST<br>NOTICE OF SERVING DISCOVERY REQUEST<br>Filed by: THOMAS DAG WOLLE |
| 05-22-2018 01:09:00 PM<br>Court | Other Order<br>MOTION TO AMEND PETITION GRANTED<br>Filed by: Court |
| 05-08-2018 02:13:00 PM<br>Plaintiff | Motion<br>MOTION FOR LEAVE TO AMEND PETITION<br>Filed by: LYNN M SMITH |
| 03-20-2018 12:35:00 PM<br>Plaintiff | PLAINTIFF/PETITIONER WITNESS<br>Filed by: LYNN M SMITH |
| 02-22-2018 02:30:00 PM<br>Plaintiff | NOTICE OF DISCOVERY RESPONSE<br>Filed by: LYNN M SMITH |
| 02-21-2018 01:12:00 PM<br>Defendant | Other Event<br>DEFENDENT'S NOTICE OF SERVING INITIAL DISCLOSURES<br>Filed by: THOMAS DAG WOLLE |
| 01-16-2018 10:56:00 AM<br>Court | Other Order<br>ORDER RE TRIAL AND HEARING EXHIBITS<br>Filed by: Court |
| 01-16-2018 10:55:00 AM<br>Court | Order Setting Trial<br>NON JURY TRIAL 10-16-2018 @ 09:00 AM<br>Filed by: Court |
| 01-05-2018 04:24:00 PM<br>Plaintiff | TRIAL SCHEDULING AND DISCOVERY PLAN<br>Filed by: LYNN M SMITH |
| 12-15-2017 11:34:00 AM<br>Court | ORDER FOR TRIAL SCHEDULING CONFERENCE<br>TRIAL SCHEDULING CONFERENCE 01-16-2018 @ 10:45 AM<br>Filed by: Court |
| 12-14-2017 02:22:00 PM<br>Court | |

RETURN OF ORIGINAL NOTICE
CAROLINE D GIDDINGS/12-01-17/$32.12
Filed by: Court

12-12-2017 03:31:00 PM
Defendant

Answer
BY MERCY MEDICAL
Filed by: THOMAS DAG WOLLE

11-22-2017 10:28:00 AM
Plaintiff

Petition Filed: PETITION
    -  REDACTION - REDACTED
Filed by: LYNN M SMITH

IN THE IOWA DISTRICT COURT IN AND FOR LINN COUNTY

| | |
|---|---|
| LISA E. UPAH,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>MERCY MEDICAL CENTER,<br><br>　　　　Defendant. | Case No. LACV089137<br><br>**NOTICE OF SERVING**<br>**DISCOVERY REQUEST** |

The undersigned hereby notifies the Court that it served to counsel of record on June 8, 2018, via email the following document pursuant to the Iowa Rules of Civil Procedure:

Defendant's Second Supplemental to Initial Disclosures

SIMMONS PERRINE MOYER BERGMAN, PLC

By:　/s/ Thomas D. Wolle
　　　Thomas D. Wolle  AT0008564
　　　115 3rd Street SE, Suite 1200
　　　Cedar Rapids, IA  52401
　　　Telephone:  (319) 366-7641
　　　Facsimile:  (319) 366-1917
　　　E-mail: twolle@simmonsperrine.com

| CERTIFICATE OF SERVICE | |
|---|---|
| The undersigned certifies that on June 6, 2018, this document was electronically filed with the Clerk of Court using EDMS which will send notification of such filing to the following: | |
| Lynn M. Smith<br>SWISHER & COHRT, PLC<br>528 West 4th Street<br>PO Box 1200<br>Waterloo, IA 50704-1200<br><br>ATTORNEYS FOR PLAINTIFF | |
| SIGNED /s/ Thomas D. Wolle | |

IN THE IOWA DISTRICT COURT IN AND FOR LINN COUNTY

| | |
|---|---|
| LISA E. UPAH,<br><br>      Plaintiff,<br><br>vs.<br><br>MERCY MEDICAL CENTER,<br><br>      Defendant. | Case No. LACV089137<br><br>**NOTICE OF SERVING<br>DISCOVERY REQUEST** |

The undersigned hereby notifies the Court that it served to counsel of record on June 6, 2018, via email the following document pursuant to the Iowa Rules of Civil Procedure:

Defendant's First Supplemental to Initial Disclosures

SIMMONS PERRINE MOYER BERGMAN, PLC

By:    /s/ Thomas D. Wolle
     Thomas D. Wolle AT0008564
     115 3rd Street SE, Suite 1200
     Cedar Rapids, IA 52401
     Telephone: (319) 366-7641
     Facsimile: (319) 366-1917
     E-mail: twolle@simmonsperrine.com

| CERTIFICATE OF SERVICE | |
|---|---|
| The undersigned certifies that on June 6, 2018, this document was electronically filed with the Clerk of Court using EDMS which will send notification of such filing to the following: | |
| Lynn M. Smith<br>SWISHER & COHRT, PLC<br>528 West 4th Street<br>PO Box 1200<br>Waterloo, IA  50704-1200<br><br>ATTORNEYS FOR PLAINTIFF | |
| SIGNED /s/ Thomas D. Wolle | |

## IN THE IOWA DISTRICT COURT FOR LINN COUNTY

| | |
|---|---|
| LISA E. UPAH, ) | |
| ) | Case No. <u>LACV089137</u> |
| Plaintiff, ) | |
| ) | |
| vs. ) | NOTICE OF SERVICE OF |
| ) | DISCOVERY REQUESTS |
| MERCY MEDICAL CENTER, ) | |
| ) | |
| Defendant. ) | |

COMES NOW the Plaintiff, Lisa E. Upah, and provides the Court with Notice that she has served the following documents upon counsel of record by U.S. First Class Mail on the 31st day of May 2018:

1. Plaintiff's First Set of Interrogatories to Defendant;

2. Plaintiff's First Request for Production of Documents to Defendant; and

3. Plaintiff's First Request for Admissions to Defendant.

Respectfully submitted,

By _____
Lynn M. Smith - 000015587
SWISHER & COHRT, P.L.C.
528 West 4th Street
P.O. Box 1200
Waterloo, IA 50704-1200
Telephone:     (319) 232-6555
Facsimile:     (319) 232-4835
E-mail          lsmith@s-c-law.com
Attorney for Plaintiff, Lisa E. Upah

Original filed.
Copy to:

Thomas D. Wolle
Simmons Perrine Moyer Bergman PLC
115 Third Street SE, Suite 1200
Cedar Rapids, IA 52401

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing instrument was served upon
all parties to the above case by service on each of the attorneys of record
herein at their respective addresses disclosed on the pleadings by:

☐ U.S. Mail            ☒ Other: _____ EDMS _____

☐ Hand Delivered       ☐ FAX

on _____ 5 - 31 _____, 2018

_____

2

## IN THE IOWA DISTRICT COURT IN AND FOR LINN COUNTY

| | |
|---|---|
| LISA E. UPAH,<br><br>　　　Plaintiff,<br><br>vs.<br><br>MERCY MEDICAL CENTER,<br><br>　　　Defendant. | Case No. LACV089137<br><br>**NOTICE OF DEPOSITION OF<br>LISA UPAH** |

YOU ARE HEREBY NOTIFIED that the Defendant will, pursuant to the Iowa Rules of Civil Procedure, take the deposition before a Court Reporter and Notary Public duly authorized to administer the oath pursuant to the laws of Iowa of the following named person at the time, date and place stated hereinafter:

|  |  |
|---|---|
| DEPONENT: | Lisa Upah |
| DATE/TIME: | June 21, 2018 beginning at 10:00 a.m. |
| PLACE: | Simmons Perrine Moyer Bergman<br>12th Floor<br>115 3rd Street SE<br>Cedar Rapids, IA  52401 |

The oral examination will continue from day to day until completed.

SIMMONS PERRINE MOYER BERGMAN PLC

By_____
Thomas D. Wolle  AT0008564
115 3rd St. SE, Suite 1200
Cedar Rapids IA 52401
Telephone: 319-366-7641/Facsimile: 319-366-1917
Email: twolle@simmonsperrine.com
ATTORNEY FOR DEFENDANT

1

| CERTIFICATE OF SERVICE |
|---|
| The undersigned certifies that on May 30, 2018, this document was electronically filed with the Clerk of Court using EDMS which will send notification of such filing to the following: |
| Lynn M. Smith<br>SWISHER & COHRT, PLC<br>528 West 4th Street<br>PO Box 1200<br>Waterloo, IA  50704-1200<br><br>*Attorney for Plaintiff*<br><br><br>*Copy to Court Reporter: Marla Happel* |
| SIGNED: |

2

IN THE IOWA DISTRICT COURT IN AND FOR LINN COUNTY

| | |
|---|---|
| LISA E. UPAH,<br><br>      Plaintiff,<br><br>vs.<br><br>MERCY MEDICAL CENTER,<br><br>      Defendant. | Case No. LACV089137<br><br>**NOTICE OF SERVING<br>DISCOVERY REQUEST** |

The undersigned hereby notifies the Court that it served to counsel of record on May 23, 2018, via email the following document pursuant to the Iowa Rules of Civil Procedure:

    Defendant's First Set of Interrogatories to Plaintifff
    Defendant's First Request for Production of Documents to Plaintiff

             SIMMONS PERRINE MOYER BERGMAN, PLC

By:   /s/ Thomas D. Wolle
      Thomas D. Wolle  AT0008564
      115 3rd Street SE, Suite 1200
      Cedar Rapids, IA  52401
      Telephone:  (319) 366-7641
      Facsimile:  (319) 366-1917
      E-mail: twolle@simmonsperrine.com

## CERTIFICATE OF SERVICE

| | |
|---|---|
| The undersigned certifies that on May 23, 2018, this document was electronically filed with the Clerk of Court using EDMS which will send notification of such filing to the following: | |
| Lynn M. Smith<br>SWISHER & COHRT, PLC<br>528 West 4th Street<br>PO Box 1200<br>Waterloo, IA 50704-1200<br><br>ATTORNEYS FOR PLAINTIFF | |
| **SIGNED /s/ Thomas D. Wolle** | |

## IN THE IOWA DISTRICT COURT FOR LINN COUNTY

**LISA UPAH**

        **Plaintiff(s),**

  **vs.**

**MERCY MEDICAL CENTER**

        **Defendant(s).**

**CASE NO. 06571 LACV089137**

**Order**

**Dated: 05/22/2018**

On this date, Plaintiff's Motion for Leave to Amend Petition came before the Court. Plaintiff seeks the Court's permission to amend her Petition so as to include a claim under the federal Fair Labor Standards Act. The record reflects that the motion appears unresisted and the deadline for filing a timely resistance has expired.

"Leave to amend, including leave to amend to conform to the proof, shall be freely given when justice so requires." Iowa R. Civ. P. 1.402(4). "The purpose of a pleading amendment rule is to facilitate a decision on the merits, and to provide the parties with adequate notice of the claims and defenses asserted against them." 61A Am. Jur. 2d Pleadings Sec. 693. When this Court exercises its discretion to rule on motions for leave to amend pleadings, "[a]mendments are the rule and denials the exception." Ackerman v. Lauver, 242 N.W.2d 342, 345 (Iowa 1976).

Here, Plaintiff's proposed amendment would add a claim that arises from the same facts and circumstances (i.e., Defendant's employment of Plaintiff) as presented in Plaintiff's original Petition. Although this would expand the scope of issues to be tried, the proposed amendment is unlikely to significantly expand the scope of discovery or impact the scheduled trial date of October 16, 2018. Defendant does not allege any prejudice or unfair surprise will result, nor is any suggested by the Court's review of the proposed amendment. Therefore, Plaintiff's motion should be granted.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Leave to Amend is GRANTED and Plaintiff may amend her Petition as sought in the motion. Plaintiff's Amended Petition, submitted concurrently with the motion, shall stand as filed without need for further refiling.

Clerk to notify.



State of Iowa Courts

**Case Number**
LACV089137
**Type:**

**Case Title**
LISA E UPAH VS MERCY MEDICAL CENTER
Other Order

So Ordered

*Denver D. Dillard*

Denver D. Dillard, District Court Judge,
Sixth Judicial District of Iowa

Electronically signed on 2018-05-22 13:09:00

IN THE IOWA DISTRICT COURT FOR LINN COUNTY

| | | |
|---|---|---|
| LISA E. UPAH, | ) | |
| | ) | Case No. LACV089137 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MOTION FOR LEAVE |
| | ) | TO AMEND PETITION |
| MERCY MEDICAL CENTER, | ) | |
| | ) | |
| Defendant. | ) | |

COMES NOW the Plaintiff, Lisa E. Upah, pursuant to Iowa R. Civ. P. 1.402 and submits her Motion for Leave to Amend Petition and in support states:

1.  Plaintiff filed her Petition and Jury Demand on November 22, 2017.

2.  Defendant filed its Answer on December 12, 2017.

3.  This matter is set for trial commencing October 16, 2018.

4.  The pleadings deadline for this matter is August 17, 2018.

5.  Plaintiff seeks to amend her Petition to include a claim for failure to pay overtime under the Fair Labor Standards Act based on additional review of the evidence in this case.

6.  A copy of Plaintiff's Amended Petition is attached hereto as Exhibit A.

7.  Pursuant to Iowa R. Civ. P. 1.402(4), leave to amend shall be freely given when justice so requires.

8.  None of the parties will be prejudiced by the granting of this Motion.

WHEREFORE the Plaintiff, Lisa E. Upah, respectfully requests that the Court enter an Order granting her leave to amend her Petition as provided in Exhibit A and that the Petition be deemed filed as of the date of such order.

Respectfully submitted,

By: _____

Lynn M. Smith - 000015587
SWISHER & COHRT, P.L.C.
528 West 4th Street
P.O. Box 1200
Waterloo, IA 50704-1200
Telephone: (319) 232-6555
Facsimile: (319) 232-4835
E-mail lsmith@s-c-law.com
Attorney for Plaintiff, Lisa E. Upah

Original filed.

Copy to:

Thomas D. Wolle
Simmons Perrine Moyer Bergman PLC
115 Third Street SE, Suite 1200
Cedar Rapids, IA 52401

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing instrument was served upon
all parties to the above case by service on each of the attorneys of record
herein at their respective addresses disclosed on the pleadings by:

☐ U.S. Mail     ☒ Other: _____ EDMS _____
☐ Hand Delivered ☐ FAX
on _____ 5-8 _____, 2018.

_____

2

## IN THE IOWA DISTRICT COURT FOR LINN COUNTY

| | |
|---|---|
| LISA E. UPAH, | ) |
| | )    Case No. <u>LACV089137</u> |
| Plaintiff, | ) |
| | ) |
| vs. | )    AMENDED PETITION |
| | ) |
| MERCY MEDICAL CENTER, | ) |
| | ) |
| Defendant. | ) |

COMES NOW Lisa E. Upah, Plaintiff in the above-captioned matter, by and through her attorneys and in support of this Amended Petition states as follows:

### INTRODUCTION

1.       This is an action against Mercy Medical Center for disability based discrimination and termination in violation of the Plaintiff's rights pursuant to the Iowa Civil Rights Act, Iowa Code Chapter 216 and all such acts which constitute unfair employment practices pursuant to the Iowa Civil Rights Act.  Further, this is an action for wrongful discharge as Plaintiff's termination of employment constitutes a discharge against public policy.

### JURISDICTION AND VENUE

2.       This Court has jurisdiction over this matter as the value exceeds the small claims jurisdictional amount.

3.       Venue is appropriate in Linn County, Iowa pursuant to Iowa Code §216.16(5) as the alleged unfair practices occurred in Linn County, Iowa and the Plaintiff resides in Linn County, Iowa.



EXHIBIT
A

## PARTIES AND BACKGROUND

4.     Lisa Upah, the Plaintiff herein was at all times material herein a resident of Cedar Rapids, Linn County, Iowa.

5.     Defendant Mercy Medical Center is located in Cedar Rapids, Iowa and at all times material herein was doing business in Linn County, Iowa.

6.     Plaintiff Lisa Upah began employment with Mercy Medical Center on or about July 5, 2016.

7.     Plaintiff was employed and worked at a facility in Cedar Rapids, Linn County, Iowa.

8.     During her employment, the Plaintiff was subjected to harassment that resulted in Plaintiff's anxiety and her protected disability.

9.     Plaintiff, on a variety of occasions during her employment, requested reasonable accommodations due to her anxiety and disability.

10.     The requested accommodations included training and additional help with workload, among others.

11.     Those accommodations were denied and Plaintiff was simply told to do her job on a number of occasions.

12.     Plaintiff also reported a variety of unethical behavior to Human Resources and other issues including HIPAA violations.

13.     Plaintiff's reports to Human Resources were consistent with company policy through the Corporate Compliance Program which specifically requires reporting of unprofessional conduct and HIPAA violations, among other items.

2

14.    Plaintiff experienced steadily more hostile behavior in the workplace after she requested reasonable accommodations and reported various behaviors to Human Resources.

15.    The combination of the reports to HR and Plaintiff's requests for reasonable accommodations eventually led to the termination of Plaintiff's employment.

16.    Plaintiff's reports to HR concerning unethical and inappropriate behavior were made in November and December of 2016.

17.    Shortly thereafter, Plaintiff's employment was terminated on January 17, 2017.

18.    Plaintiff was not given a reason for termination other than that "she was not a good fit."

19.    Plaintiff suffered with greater harassment, bullying, and retaliation after she requested reasonable accommodation for her anxiety and after she reported unethical behavior to HR pursuant to the Company policies on Corporate Compliance.

20.    Plaintiff was discriminated against and retaliated against by Mercy Medical Center because of her disability as described above.

21.    The Plaintiff's termination based on her disability is a violation of the Iowa Civil Rights Act as outlined below.

22.    The Defendant's denial of Plaintiff's requests for reasonable accommodation is a violation of the Iowa Civil Rights Act.

23.    The Plaintiff's termination in response to her protected activity by reporting Corporate Compliance issues constitutes a wrongful discharge against public policy.

3

## PROCEDURAL PREREQUISITES

24.     Plaintiff Lisa Upah initiated this employment discrimination action by timely filing a complaint with the Iowa Civil Rights Commission on or about January 19, 2017, pursuant to Iowa Code Chapter 216. A copy of said complaint is attached hereto as Exhibit A.

25.     Plaintiff's complaint before the Iowa Civil Rights Commission was filed within 300 days of the discriminatory acts complained of and the acts complained of continued throughout the term of Plaintiff's employment.

26.     Pursuant to Iowa Code Section 216.16 and 161 Iowa Administrative Code Section 3.10 the Plaintiff requested an Administrative Release, granting her the right to file this action in district court.

27.     The Iowa Civil Rights Commission issued the Administrative Release (Right to Sue Letter) to Plaintiff on August 24, 2017. A copy of said Administrative Release is attached hereto as Exhibit B.

28.     This action is timely filed within 90 days of the issuance of the Administrative Release.

29.     There are no administrative filing requirements or prerequisites for filing a claim based on wrongful discharge against public policy.

## COUNT I:  VIOLATION OF IOWA CIVIL RIGHTS ACT
## IOWA CODE CHAPTER 216 – DISABILITY DISCRIMINATION, FAILURE TO ACCOMMODATE, AND RETALIATION

30.     The Plaintiff hereby incorporates by reference Exhibit A, her complaint to the Iowa Civil Rights Commission that was filed as referenced above, as if fully alleged herein.

31.     Plaintiff further incorporates paragraphs 1 through 29 as if fully alleged herein.

4

32.    At all times material herein, Plaintiff was an employee of the Defendant, working at 701 10th Street SE, Cedar Rapids, Linn County, Iowa, within the meaning of the Iowa Civil Rights Act, Iowa Code Chapter 216.

33.    At all times material herein, Defendant was the Plaintiff's employer within the meaning of Iowa Code Chapter 216.

34.    Plaintiff's anxiety constitutes a protected disability under the Iowa Civil Rights Act; therefore, Plaintiff was disabled within the meaning of the Iowa Civil Rights Act.

35.    Plaintiff was able to perform the essential functions of her job with or without reasonable accommodations at all times material herein

36.    Plaintiff was a qualified individual with a disability.

37.    Plaintiff requested reasonable accommodations and Defendant failed to provide the necessary accommodations.

38.    Plaintiff's disability was a motivating factor in the decision to terminate her employment.

39.    The Defendant failed to accommodate Plaintiff's disability by providing adequate time off and other reasonable accommodations including training and assistance with workload as required by the Iowa Civil Rights Act, including reducing Plaintiff's workload and/or placing Plaintiff in a different role.

40.    Defendant's failure to provide reasonable accommodations is a violation of the Iowa Civil Rights Act.

41.    The actions of the Defendant in terminating the Plaintiff based on her disability constitute unlawful discrimination pursuant to the Iowa Civil Rights Acts.

5

42. Defendant's actions in terminating Plaintiff in retaliation for her request for reasonable accommodations constitute a violation of the Iowa Civil Rights Act.

43. As a result of the unlawful actions of the Defendant as described above, the Plaintiff has suffered lost wages and benefits, retirement benefits, emotional distress, humiliation, and loss of enjoyment of life.

## COUNT II: WRONGFUL TERMINATION AGAINST PUBLIC POLICY

44. On or about January 17, 2017, Lisa Upah's employment with Mercy Medical Center was terminated.

45. In the months of November and December of 2016, Ms. Upah engaged in legally protected activity by reporting inappropriate behavior and violations of company policy to HR, including violations of law such as HIPAA.

46. The treatment experienced by Ms. Upah in the workplace after she complained to HR became progressively worse and eventually culminated in her termination.

47. Ms. Upah was terminated because she engaged in a protected activity by reporting inappropriate behavior to HR.

48. As a result of the termination of plaintiff's employment, she sustained damages including lost wages and benefits, retirement benefits, emotional distress, humiliation, and loss of enjoyment of life.

## COUNT III: VIOLATION OF THE FAIR LABOR STANDARDS ACT - 29 U.S.C. § 203

49. Plaintiff was at all times material herein an employee as defined under the Fair Labor Standards Act, 29 U.S.C. § 203.

6

50.     Defendant is an employer as defined under the Fair Labor Standards Act, 29 U.S.C. § 203.

51.     Defendant is engaged in interstate commerce as defined under the Fair Labor Standards Act, 29 U.S.C. § 207(a)(1).

52.     During her employment with Mercy Medical Center, Plaintiff Lisa Upah was employed as a non-exempt employee pursuant to the Fair Labor Standards Act, 29 U.S.C. 201, et seq., and none of the exemptions contained in 29 U.S.C. § 213 apply to Plaintiff.

53.     Therefore, when Ms. Upah worked more than 40 hours in any work week, she was entitled to overtime pay at the rate of 1.5 times her hourly rate of pay pursuant to the terms of the Fair Labor Standards Act.

54.     On multiple occasions during her employment with Mercy Medical Center, Ms. Upah was forced to punch out in order to finish work on her own time thereby not being paid for all hours worked.

55.     The actions of her employer in asking her to punch out but to continue working violate the provisions of the Fair Labor Standards Act.

56.     The actions of Ms. Upah's employer in failing to compensate her for all hours worked and to pay overtime when due to her constitute violations of the Fair Labor Standards Act.

57.     Ms. Upah is entitled to an award of payment for all hours worked, including but not limited to wages, overtime pay, attorneys' fees and any and all such other relief as the court may deem just under the circumstances.

<u>**RELIEF**</u>

WHEREFORE, Plaintiff respectfully requests that she be made whole including but not limited to an adjudication that the conduct of Mercy Medical Center in terminating Ms. Upah's

7

employment was unlawful as a discharge in violation of Iowa Code Chapter 216 and that the Defendant's actions in failing to accommodate Ms. Upah's disability constitutes a violation of the Iowa Civil Rights Act. Ms. Upah further seeks an adjudication that her termination constitutes a wrongful discharge against public policy. Ms. Upah further seeks an award of lost wages and income including benefits, deferred compensation, bonuses and retirement account matching contributions, an award of compensatory damages including but not limited to emotional distress, pain and suffering, and mental anguish, along with an award of attorneys' fees, interest, court costs and any and all other relief as the court may deem just and reasonable under the circumstances and consistent with applicable law.

WHEREFORE, the Plaintiff, Lisa E. Upah, prays that the Court enter judgment finding the Defendant in violation of the Fair Labor Standards Act and awarding Ms. Upah damages including wages, overtime pay, attorneys' fees and any and all such other relief as the court may deem just under the circumstances.

Respectfully submitted,

By: _____
Lynn M. Smith - 000015587
SWISHER & COHRT, P.L.C.
528 West 4th Street
P.O. Box 1200
Waterloo, IA 50704-1200
Telephone:    (319) 232-6555
Facsimile:    (319) 232-4835
E-mail        lsmith@s-c-law.com

Attorney for Plaintiff, Lisa E. Upah

Original filed.

8

Copy to:

Thomas D. Wolle
Simmons Perrine Moyer Bergman PLC
115 Third Street SE, Suite 1200
Cedar Rapids, IA  52401

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing instrument was served upon
all parties to the above case by service on each of the attorneys of record
herein at their respective addresses disclosed on the pleadings by:

☐ U.S. Mail          ☒ Other: _____ EDMS _____
☐ Hand Delivered      ☐ FAX
on _____ S - 8 _____ , 2018.

9

IN THE IOWA DISTRICT COURT FOR LINN COUNTY

| | | |
|---|---|---|
| LISA E. UPAH, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. LACV089137 |
| | ) | |
| vs. | ) | |
| | ) | |
| MERCY MEDICAL CENTER, | ) | PLAINTIFF'S DESIGNATION |
| | ) | OF EXPERT WITNESS(ES) |
| Defendant. | ) | |

COMES NOW the Plaintiff, Lisa E. Upah, and designates the following as expert witnesses in this case:

1.      Margaret Mangold, M.D., Vinton Family Medical Clinic, 504 N 9th Avenue, Vinton, Iowa 52349.

2.      Karen Bierman, Mercy Family Counseling, 1340 Blairs Ferry Road NE, Suite A, Hiawatha, Iowa 52233.

3.      Plaintiff reserves the right to call at trial, or to elicit expert opinion testimony from, any person designated as an expert witness by any other party in this action.

Respectfully submitted,

By: _____

Lynn M. Smith - 000015587
SWISHER & COHRT, P.L.C.
528 West 4th Street
P.O. Box 1200
Waterloo, IA 50704-1200
Telephone:    (319) 232-6555
Facsimile:    (319) 232-4835
E-mail        lsmith@s-c-law.com
Attorney for Plaintiff, Lisa E, Upah

1

Copy to:
Attorney Thomas D. Wolle
Simmons Perrine Moyer Bergman PLC
115 Third Street SE, Suite 1200
Cedar Rapids, IA 52401

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing instrument was served upon
all parties to the above case by service on each of the attorneys of record
herein at their respective addresses disclosed on the pleadings by:

☐ U.S. Mail            ☒ Other: _____ EDMS _____
☐ Hand Delivered       ☐ FAX

on _____ March 20 _____, 2018

_____ Tanya A. Distler _____

2

IN THE IOWA DISTRICT COURT FOR LINN COUNTY

LISA E. UPAH,                          )
                                       )
          Plaintiff,                   )        Case No. LACV089137
                                       )
vs.                                    )
                                       )        **PLAINTIFF'S NOTICE**
MERCY MEDICAL CENTER,                  )        **OF SERVICE OF**
                                       )        **INITIAL DISCLOSURES**
          Defendant.                   )

COMES NOW Plaintiff, Lisa E. Upah, and provides the Court with Notice that she has served Initial Disclosures on counsel of record by U.S. mail on February 22, 2018.

Respectfully submitted,

By: _____

Lynn M. Smith - 000015587
SWISHER & COHRT, P.L.C.
528 West 4th Street, P.O. Box 1200
Waterloo, IA 50704-1200
Telephone:    (319) 232-6555
Facsimile:    (319) 232-4835
E-mail        lsmith@s-c-law.com

Copy to:
Attorney Thomas D. Wolle
Simmons Perrine Moyer Bergman PLC
115 Third Street SE, Suite 1200
Cedar Rapids, IA 52401

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing instrument was served upon all parties to the above case by service on each of the attorneys of record herein at their respective addresses disclosed on the pleadings by:

☐ U.S. Mail          ☒ Other: _____EDMS_____
☐ Hand Delivered     ☐ FAX
on __February 22__, 2018.

_____

IN THE IOWA DISTRICT COURT IN AND FOR LINN COUNTY

| | |
|---|---|
| LISA E. UPAH,<br><br>    Plaintiff,<br><br>vs.<br><br>MERCY MEDICAL CENTER,<br><br>    Defendant. | Case No. LACV089137<br><br>**NOTICE OF SERVING<br>INITIAL DISCLOSURES** |

The undersigned hereby notifies the Court that it served to counsel of record on February 21, 2018, via mail the following document pursuant to the Iowa Rules of Civil Procedure:

Defendant's Initial Disclosures

SIMMONS PERRINE MOYER BERGMAN, PLC


By:    /s/ Thomas D. Wolle
    Thomas D. Wolle  AT0008564
    115 3rd Street SE, Suite 1200
    Cedar Rapids, IA  52401
    Telephone:  (319) 366-7641
    Facsimile:  (319) 366-1917
    E-mail: twolle@simmonsperrine.com

| CERTIFICATE OF SERVICE | |
|---|---|
| The undersigned certifies that on February 21, 2018, this document was electronically filed with the Clerk of Court using EDMS which will send notification of such filing to the following: | |
| Lynn M. Smith<br>SWISHER & COHRT, PLC<br>528 West 4th Street<br>PO Box 1200<br>Waterloo, IA  50704-1200<br><br>ATTORNEYS FOR PLAINTIFF | |
| SIGNED /s/ Thomas D. Wolle | |

## IN THE IOWA DISTRICT COURT FOR LINN COUNTY

UPON THE PETITION OF

**LISA UPAH**

    **Petitioner,**

**AND CONCERNING**

**MERCY MEDICAL CENTER**

    **Respondent.**

**CASE NO.  06571 LACV089137**

**ORDER REGARDING TRIAL AND HEARING EXHIBITS**

**Dated:  01/16/2018**

    The provisions of this order shall apply to any exhibits the parties may offer as evidence for any trial or hearing in this case.  Failure to comply with the provisions of this order may, if the judge conducting the hearing or trial deems it appropriate, result in the imposition of sanctions under Iowa Rules 1.602(5) and/or 16.609.

    1. To allow the court to comply with Iowa Rule 16.412(1)(a) and to allow the Clerk of Court adequate time to process proposed exhibits in advance of any hearing or trial, all exhibits that can be maintained electronically must be scanned and submitted on the Electronic Document Management System ("EDMS") as proposed exhibits no later than 4:00 p.m. the second business day prior to the start of the hearing or trial at which the exhibits may be used (e.g. 4:00 p.m. on Thursday if a hearing or trial is set for Monday).  The court may, by separate order, require submission of exhibits sooner.

    Proposed exhibits must be submitted in accordance with the requirements of Iowa Rule 16.412(2). This requirement does not apply to any party who has been exempted from electronic filing.

2. To maintain fairness and equality between parties, if a party has been exempted from electronic filing, that party must fax, email, or personally deliver copies of all exhibits that may be used at any hearing or trial to the opposing party or counsel for the opposing party no later than 4:00 p.m. the second business day prior to the start of the hearing or trial at which the exhibits may be used.  Any party who is an electronic filer must also fax, email, or personally deliver copies of all electronically submitted exhibits to each exempt filer no later than 4:00 p.m. the second business day prior to the start of the hearing or trial at which the exhibits may be used.

    3. Prior to scanning and submission of proposed exhibits, each self-represented party and each attorney submitting proposed exhibits must redact (i.e. black out or otherwise remove) all confidential and protected information as required by Iowa Rule 16.412(1)(c) and chapter VI of chapter 16 of the Iowa Rules.  For exhibits that cannot be redacted because of their nature, such as mental health records, the party submitting the proposed exhibit must request an order sealing said exhibit before it is offered and admitted.  When required by statute, a party submitting a proposed exhibit must

obtain an order providing that the exhibit will be sealed after admission before the proposed exhibit is submitted on EDMS.  Any party submitting a proposed exhibit that may need to be assigned a heightened security level when admitted must notify the court with an appropriate filing before the proposed exhibit is submitted on EDMS.  The party must also ask the court to seal the exhibit at the time it is offered to ensure that all sealed exhibits are identified and sealed in the court's exhibit management order.  The provisions of this paragraph also apply to any paper exhibits submitted by parties who have been exempted from electronic filing.

4. Parties and attorneys who have not been exempted from electronic filing may only use a non-electronic exhibit when it is not possible to maintain the exhibit electronically (e.g., videos, audio recordings, firearms, and other physical evidence).  When submitting video or audio recordings, parties shall submit an original and one copy of each such exhibit so that the Clerk of Court may retain custody of the original and allow the copy to be accessed by individuals wishing to review the exhibit.

5. Parties and attorneys must have accurate and complete paper copies of all electronic exhibits available for use by witnesses and/or the jury at the time of any trial or hearing.  Parties and attorneys are urged to determine whether the judge who will preside over a hearing or trial will also want a paper copy of exhibits.  Paper exhibits will not be maintained by the Clerk of Court unless an original paper exhibit has been admitted during the trial or hearing.

6. Parties must have a complete exhibit list available for the court's use at any hearing or trial so that the court can accurately record the exhibits offered and admitted.  Parties must also accurately and with detail reflect the information provided on the complete exhibit lists when inputting their proposed exhibit submissions in EDMS.  The exhibit number and descriptions fields should, to the extent possible, mirror what is reflected on the exhibit list.  If changes are made or required during the filing process, a complete amended exhibit list should be made available to ensure accuracy of the record.

Clerk to notify.

Case Case 1:18-cv-00063-KEM Document 1-4 Filed 06/20/18 Page 32 of 66



State of Iowa Courts

**Case Number**        **Case Title**
LACV089137             LISA E UPAH VS MERCY MEDICAL CENTER
**Type:**              Other Order

So Ordered

Patrick R. Grady, Chief District Court Judge,
Sixth Judicial District of Iowa

Electronically signed on 2018-01-16 10:55:39

# IOWA DISTRICT COURT FOR LINN COUNTY

| | |
|---|---|
| | **ORDER SETTING TRIAL AND APPROVING PLAN** |
| | **Case No : 06571 LACV089137** |
| LISA UPAH<br>　　Plaintiff | Date Petition Filed : 11/22/17 |
| vs. | Case Type : Civil |
| MERCY MEDICAL CENTER<br>　　Defendant | Trial Type : Non-Jury |
| | Expected Length of Trial : 3 days |
| | The amount in controversy exceeds $10,000 : |

**APPEARANCES:**

**For the Plaintiff: LYNN M SMITH**

**For the Defendant: THOMAS D WOLLE**

　　**Non Jury Trial is scheduled on 10/16/2018 at 09:00 AM at the Linn County Courthouse, 3rd Avenue Bridge, Cedar Rapids, IA.**

## 2.  PRE-TRIAL CONFERENCE

## 3.  DISCOVERY PLAN
Trial Scheduling and Discovery Plan has been filed in this matter in compliance with IRCP1.507(2). The Trial Scheduling and Discovery Plan has been completed. No additional hearings are required. The Trial Scheduling and Discovery plan is incorporated into this order.

Clerk to notify.

5ctso

If you need assistance to participate in court due to a disability, call the disability coordinator at (319) 398-3920. Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). **Disability coordinators cannot provide legal advice.**



State of Iowa Courts

**Case Number**      **Case Title**
LACV089137        LISA E UPAH VS MERCY MEDICAL CENTER
**Type:**             Order Setting Trial

So Ordered

_Connie R. Trosky_

Connie R. Trosky, Court Administration Designee,
Sixth Judicial District of Iowa

Electronically signed on 2018-01-16 10:54:58

**Rule 23.5—Form 2:** *Trial Scheduling and Discovery Plan*

**Do not** file this form in an Expedited Civil Action case, instead use Form 3.

- This form is to be filed within 7 days after the parties' discovery conference and before the trial-setting conference with the court.
- The parties should complete the entire form except as otherwise indicated.

---

| **In the Iowa District Court for** Linn **County** | |
|---|---|
| Lisa E. Upah | No. LACV089137 |
| | **Trial Scheduling and Discovery Plan** |
| **Plaintiff(s) / Petitioner(s)** *Full name: first, middle, last* | *Use of this form is mandatory* |
| | Date Petition filed: 11 / 22 / 2017 *mm* / *dd* / *yyyy* |
| vs. | Case type: ☒ Law ☐ Equity ☐ Other ☐ PCR ☐ Judicial Review |
| Mercy Medical Center | Trial type: ☐ Jury ☐ Nonjury |
| | Expected trial length: _____ days |
| **Defendant(s) / Respondent(s).** *Full name: first, middle, last* | The amount in controversy exceeds $10,000. ☒ Yes ☐ No |

**Appearances:**
**Plaintiff(s) / Petitioner(s)**

Lynn M. Smith

**Defendant(s) / Respondent(s)**

Thomas D. Wolle

**It is ordered:**

1. **Trial** *Note to parties: Unless you have obtained a trial date from court administration, leave this date blank; the court will enter the date after the trial-setting conference.*

   ☐ a.m.
   ☐ p.m.
   Trial of this case is set for _____, 20___, at ____:____
   *Month* *Day* *Year* *Time*

   in the district court in the courthouse of the county named above.

2. **Pretrial conference** *Check one. Note to parties: If box A is checked, leave the date blank unless you have obtained a pretrial conference date from court administration. If you do not have a pretrial conference date and check box A, the court will enter the date, by order, after the trial-setting conference.*

   ☐ a.m.
   ☐ p.m.
   A. ☐ A pretrial conference will be held on _____, 20___, at ____:____
   *Month* *Day* *Year* *Time*

   The conference may be held telephonically with prior approval of the court.

   B. ☐ A pretrial conference will be held upon request.

3. **New parties** *List the time period or date when no new parties may be added.*

   No new parties may be added later than 180 days before trial or by _____.

---

If you need assistance to participate in court due to a disability, contact the disability coordinator at: (_____) _____ Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). Disability coordinators cannot provide legal advice. Disability coordinator contact information available at: http://www.iowacourts.gov/Administration/Directories/ADA_Access/

| October 2015 | Rule 23.5—Form 2 | Page 1 of 6 |
|---|---|---|

Rule 23.5—Form 2: *Trial Scheduling and Discovery Plan,* continued

4. **Transcripts and records**

   All required agency records or prior criminal transcripts will be filed within 30 days of the date of this Plan or by _____.

5. **Pleadings** *List the time period or date pleadings will be closed.*

   Pleadings will be closed 60 days before trial or by _____.

6. **Initial disclosures** *Check all that apply*

   A. ☐ The parties have exchanged initial disclosures.

   B. ☒ The parties will provide initial disclosures no later than February 16, 2018 _____.

   C. ☐ The parties have stipulated that the following will not be included in initial disclosures:
      *List items not included*

   D. ☐ The parties have stipulated not to provide any initial disclosures.

   E. ☐ The following party objects to providing initial disclosures on the following grounds:
      *Identify the party and state all applicable grounds*

7. **Discovery**

   The parties have held a discovery conference as required by Iowa Rule of Civil Procedure 1.507.

   All written discovery will be served no later than 90 days before trial. All depositions will be completed no later than 60 days before trial.  Or, all discovery will be completed by

   _____

   *Check all that apply*

   A. ☒ No discovery of electronically stored information is expected in this case.

   B. ☐ The parties have conferred about discovery of electronically stored information and reached agreement as set out in Attachment _____.

   C. ☐ The parties have conferred about discovery of electronically stored information and have been unable to reach an agreement. *Note to parties: If box C is checked, leave the following information blank unless the parties have obtained a hearing date, time, and location from court administration.*

      A hearing is set for _____ / _____ / _____, at: _____:_____  ☐ a.m.
                      *mm*    *dd*    *yyyy*    *Time*   ☐ p.m.

      ☐ at the _____ County Courthouse, courtroom _____, or
                *County*                               *Courtroom number*

      ☐ at the following location: _____.

   D. ☐ The parties have agreed to a discovery plan, and their agreement is set forth in Attachment ___.

   E. ☐ The parties have agreed to deviate from the limits on discovery otherwise applicable to this action, and their agreement is set forth in Attachment _____.

   F. ☐ The parties have agreed to conduct discovery in phases, and their agreement is set forth in Attachment _____.

Case Case 1:18-cv-00063-KEM Document 1-1 Filed 06/20/18 Page 38 of 66

G. ☐ The parties have reached an agreement under Iowa Rule of Evidence 5.502 as set forth in Attachment ____.

H. ☐ The parties have reached an agreement under Iowa Rule of Civil Procedure 1.504 as set forth in Attachment ____.

I. ☐ The parties have conferred about a discovery plan and have been unable to reach agreement on the issues set forth in Attachment ____. *Note to parties: If box I is checked, leave the following information blank unless the parties have obtained a hearing date, time, and location from court administration.*

   A hearing is set for _____ / _____ / _____, at: _____:_____ ☐ a.m. / ☐ p.m.
   mm      dd      yyyy      Time

   ☐ at the _____ County Courthouse, courtroom _____, or
           County                                              Courtroom number

   ☐ at the following location: _____.

## 8. Expert witnesses

A. A party who intends to call an expert witness, including rebuttal expert witnesses, shall certify to the court and all other parties the expert's name, subject matter of expertise, and qualifications, within the following time period, unless the Iowa Code requires an earlier designation date (*see, e.g.,* Iowa Code section 668.11):

   (1) Plaintiff: 210 days before trial or by _____.

   (2) Defendant/Third Party Plaintiff: 150 days before trial or by _____.

   (3) Third Party Defendant/Others/Rebuttal: 90 days before trial or by _____.

B. Any disclosures required by Iowa Rule of Civil Procedure 1.500(2)(*b*) will be provided: *Check each that applies*

   (1) ☐ At the same time the expert is certified.

   (2) ☐ According to the following schedule:

      a. Plaintiff:____ days before trial or by _____.

      b. Defendant/Third Party Plaintiff:____ days before trial or by _____.

      c. Third Party Defendant/Others/Rebuttal:____ days before trial or by

      _____.

C. This section does not apply to court-appointed experts.

*The deadlines listed in paragraphs 5, 6, 7, and 8 may be amended, without further leave of court, by filing a Stipulated Amendment to this Plan listing the dates agreed upon and signed by all attorneys and self-represented litigants. Such Stipulated Amendment may not override any requirement of the Iowa Court Rules and cannot serve as a basis for a continuance of the trial date or affect the date for pretrial submissions.*

## 9. Pretrial submissions

At least **14 or** ____ (the parties may enter another number but not less than **7**) **days before trial**, counsel for the parties and self-represented litigants must:

A. File a **witness and exhibit** list with the clerk of court, serve a copy on opposing counsel and self-represented litigants, and exchange exhibits. In electronic cases, witness and exhibit lists must be electronically filed, and the EDMS system will serve copies on all registered parties.

Case Case 1:18-cv-00063-KEM Document 1 Filed 06/20/06/2018 Page Page 39 of 66

Exhibits must be electronically submitted in lieu of exchanging them. These disclosures must include the following information about the evidence that the disclosing party may present at trial other than solely for impeachment:

(1) The name and, if not previously provided, the address, telephone numbers, and electronic mail address of each witness, separately identifying those the party expects to present and those the party may call if the need arises.

(2) The page and line designation of those witnesses whose testimony the party expects to present by deposition and, if not taken stenographically, a transcript of the pertinent parts of the deposition.

(3) An identification of each document or other exhibit, including summaries of other evidence, separately identifying those items the party expects to offer and those it may offer if the need arises. The following rules govern exhibits and exhibit lists:

    a. Plaintiff will use numbers and Defendant will use letters. Pretrial exhibit lists will identify each exhibit by letter or number and description. Exhibits must be marked before trial.

    b. Immediately before commencement of trial, the court must be provided with a bench copy, and the court reporter with a second copy, of the final exhibit list for use in recording the admission of evidence.

    c. In nonjury cases, immediately before commencement of trial, parties must provide the court with a bench copy of all exhibits identified on the exhibit lists.

    d. Within 7 days after the filing of an exhibit list, or within 4 days if the deadline for filing of the list is less than 10 days before trial, counsel and self-represented litigants must file with the clerk of court, and serve on each party, any identification, authentication, and foundation objections to the exhibits listed; otherwise such objections are deemed **waived** for trial purposes. In electronic cases, any identification, authentication, and foundation objections will be electronically filed, and the EDMS system will serve copies on all registered parties. Electronic filing of these objections must be done within 7 days of the filing of an exhibit list, or within 4 days if the deadline for filing of the list is less than 10 days before trial; otherwise, such objections are deemed **waived** for trial purposes.

B. File and serve **motions in limine**, with supporting legal authority.

C. File and serve **all proposed jury instructions** in a form to be presented to the jury, including a statement of the case, the stock jury instruction numbers, and verdict forms. The court must be provided the instructions in written form and electronically.

D. Deliver to the judge and serve a concise **trial brief** addressing factual, legal, and evidentiary issues, with citation to legal authorities.

**10. Motions**

All motions including motions for summary judgment and except motions in limine, must be filed with the clerk of court's office or electronically filed at https://www.iowacourts.state.ia.us/EFile/ at least 60 days before trial, with copies to the assigned judge.

**11. Settlement conference** *Note to parties: If A or B is checked, leave any date blank; the court will enter the settlement conference date, by order, after the trial-setting conference.*

    ☐ a.m.

A. ☐ A settlement conference will be held on _____ ____, 20____, at _____:____ ☐ p.m.
                                   *Month*     *Day*   *Year*    *Time*

      at the _____ County Courthouse.

      All parties with authority to settle must be present.

    ☐ a.m.

B. ☐ A settlement conference will be held on _____ ____, 20____, at _____:____ ☐ p.m.
                                   *Month*     *Day*   *Year*    *Time*

      at the following location _____.

Case 1:18-cv-00063-KEM Document 1 Filed 06/20/18 Page 40 of 66

Rule 23.5—Form 2: *Trial Scheduling and Discovery Plan,* continued

    All parties with authority to settle must be present.

C. ☐  A settlement conference will occur at a date, time, and location arranged by the parties.

    All parties with authority to settle must be present.

D. ☐  A settlement conference will be held upon request.

The parties are encouraged to consider alternative dispute resolution including private mediation or arbitration.

## 12. Settlements

The parties are responsible for immediately notifying the court administrator of settlement.

## 13. Late settlement fees

Late settlement fees under Iowa Rule of Civil Procedure 1.909 are applicable.

## 14. Continuances

Continuances are discouraged and will only be granted for good cause. Motions to continue are governed by Iowa Rule of Civil Procedure 1.910. In the event the trial date is continued, all time deadlines in this Plan and any Stipulated Amendments remain in effect relative to the new trial date unless the court approves new deadlines.

## 15. Notice

Failure to comply with any of the provisions of this Plan or Stipulated Amendments to this Plan may result in the court imposing sanctions pursuant to Iowa Rule of Civil Procedure 1.602(5), including limitation and exclusion of evidence and witnesses and payment of costs or attorney fees. The court will resolve disputes regarding oral agreements on scheduling by reference to this Plan or any Stipulated Amendments to this Plan.

## 16. Other *List additional agreements of the parties for the Trial Scheduling and Discovery Plan*

*At least one signature to the Trial Scheduling and Discovery Plan is required. The signer certifies that all listed parties have joined in this Trial Scheduling and Discovery Plan, subject to any objections noted.*

I certify that all parties and attorneys to this action have agreed to this Trial Scheduling and Discovery Plan and have been served with a copy.

| January | | 5 | , 20 18 | /s Lynn M. Smith |
|---|---|---|---|---|
| *Signed:* | *Month* | *Day* | *Year* | *Party's or attorney's signature* |

| Lynn M. Smith | Swisher & Cohrt, P.L.C. |
|---|---|
| *Printed name* | *Attorney's law firm, if applicable* |

| P O Box 1200 | Waterloo | IA | 50704-1200 |
|---|---|---|---|
| *Mailing address* | *City* | *State* | *ZIP code* |

| ( 319 ) 232-6555 | LSmith@s-c-law.com | |
|---|---|---|
| *Phone number* | *Email address* | *Additional email address, if available* |

Rule 23.5—Form 2: *Trial Scheduling and Discovery Plan*, continued

Original filed with the clerk of court or electronically filed at https://www.iowacourts.state.ia.us/EFile/.

Copies to: counsel of record, self-represented litigants, and court administration.

For questions regarding documents filed with the court in this case, please see https://www.iowacourts.state.ia.us/ESAWebApp//SelectFrame or call the clerk of court.

Case 1:18-cv-00003-KEM Document 1-4 Filed 06/06/2018 Page 42 of 66

## IOWA DISTRICT COURT IN AND FOR LINN  COUNTY

| | |
|---|---|
| LISA UPAH<br><br>       Plaintiff(s)<br><br>VS.<br><br>MERCY MEDICAL CENTER<br>       Defendant(s) | CASE NO: 06571  LACV089137<br><br>**NOTICE OF CIVIL TRIAL-<br>SETTING CONFERENCE** |

To the parties or their attorneys of record:

In accordance with Iowa Rule of Civil Procedure 1.906, notice is hereby given that a **Trial Scheduling Conference is scheduled on 01/16/2018 at 10:45 AM at the initiation of a conference call.**
This date shall be no earlier than 35 days after and not later than 50 days after any Defendant/ Respondent has answered or appeared unless set sooner by special order on application of one or more parties.

This conference shall be held:
**By TELEPHONE with the conference call to be initiated by court administration.**

Attorneys for all parties appearing in the case shall participate at this conference.  A party will participate in person if the party does not have an attorney.

At this trial-setting conference, every case will be set for trial within the time periods provided by Iowa Court Rules Chapter 23, Time Standards for Case Processing.

Prior to the trial-setting conference, the parties must file a Trial Scheduling and Discovery Plan, Iowa Court Rule 23.5-Form 2 (Form 3 for Expedited Civil Actions).

In judicial districts that allow it, the parties may, in lieu of holding a trial-setting conference, first file their Trial Scheduling and Discovery Plan and then, prior to the date scheduled for the trial-setting conference, obtain a trial date from court administration that complies with the provisions of Chapter 23.  The date will be entered by the Court on the Trial Scheduling and Discovery Plan.

The trial date that is agreed upon at this conference shall be a firm date.  Continuances will not be granted, even if all parties agree, unless for a crucial cause that could not have been foreseen.

The Clerk of Court shall notify all counsel of record and parties not represented by counsel.

Dated 12/15/17

If you need assistance to participate in court due to a disability, call the disability coordinator at (319) 398-3920. Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). **Disability coordinators cannot provide legal advice.**



State of Iowa Courts

**Case Number**
LACV089137
**Type:**

**Case Title**
LISA E UPAH VS MERCY MEDICAL CENTER
ORDER FOR TRIAL SCHEDULING CONFERENCE

So Ordered

Julie L. Green, Court Administration Designee,
Sixth Judicial District of Iowa

Electronically signed on 2017-12-15 11:34:11

Case Name Lisa Upah vs Mercy Medical Center

**RETURN OF SERVICE**
**Service Type: Corporation/Association**

Case No.    LACV089137

Date Rcvd: November 30, 2017


STATE OF IOWA

            ss.

LINN COUNTY


I certify that I served a copy of the Original Notice, Petition, and Exhibits to Mercy Medical Center by serving Caroline D. Giddings  Registered Agent at 701 10th St. SE, Cedar Rapids, IA 52403 on 12/1/2017 @ 9:31 AM.


NOTES:


Fees:
Mileage ($1.62) Service Fee ($30.00) Copy Fee ($0.50)
Total: $32.12

Brian D. Gardner, Sheriff, Linn County, Iowa

By _Deputy Jan V. Davis #128_
_____
Deputy Sheriff


Fees have been paid by the attorney:
Lynn M. Smith
P. O. Box 1200
Waterloo, IA 50704

## IN THE IOWA DISTRICT COURT IN AND FOR LINN COUNTY

| | |
|---|---|
| LISA E. UPAH,<br><br>      Plaintiff,<br><br>vs.<br><br>MERCY MEDICAL CENTER,<br><br>      Defendant. | Case No. LACV089137<br><br>**ANSWER** |

For its Answer to Plaintiff's Petition, Defendant Mercy Medical Center states:

### INTRODUCTION

1.    With regard to paragraph 1, Defendant admits the action is based on disability discrimination and wrongful discharge, but denies any and all liability.

### JURISDICTION AND VENUE

2.    Admitted.

3.    Admitted.

### PARTIES AND BACKGROUND

4.    Admitted.

5.    Admitted.

6.    Admitted.

7.    Admitted.

8.    Denied.

9.    Denied.

10.    Denied.

11.    Denied.

1

12. Denied.

13. Plaintiff admits it has a policy of reporting unprofessional conduct and HIPPA violations, but denies Plaintiff made any such report.

14. Denied.

15. Denied.

16. Denied.

17. Defendant admits Plaintiff was terminated on January 17, 2017.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

## PROCEDURAL PREREQUISITES

24. Admitted.

25. Admitted.

26. Admitted.

27. Admitted.

28. Admitted.

29. Admitted.

## COUNT I: VIOLATION OF IOWA CIVIL RIGHTS ACT IOWA CODE CHAPTER 216 –DIABILITY DISCRIMINIATION, FAILURE TO ACCOMMODATE, AND RETALIATION

30. No response is required for paragraph No. 30.

31. Defendant incorporates its responses to paragraphs 1-29.

2

32.     Admitted.

33.     Admitted.

34.     Denied.

35.     Denied.

36.     Denied.

37.     Denied.

38.     Denied.

39.     Denied.

40.     Denied.

41.     Denied.

42.     Denied.

43.     Denied.

## COUNT II:  WRONGFUL TERMINATION AGAINST PUBLIC POLICY

44.     Admitted.

45.     Denied.

46.     Denied.

47.     Denied.

48.     Denied.

WHEREFORE, Defendants request the court dismiss Plaintiff's petition.

3

SIMMONS PERRINE MOYER BERGMAN PLC

By_____

Thomas D. Wolle  AT0008564
115 3rd St. SE, Suite 1200
Cedar Rapids IA 52401
Telephone: 319-366-7641
Facsimile: 319-366-1917
Email: twolle@simmonsperrine.com
ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on December 12, 2017, I filed the foregoing ANSWER with the Clerk of Court using the electronic filing system which will send notification of such filing to the following:

Lynn M. Smith
SWISHER & COHRT, PLC
528 West 4th Street
PO Box 1200
Waterloo, IA 50704-1200

ATTORNEYS FOR PLAINTIFF

/s/ Thomas D. Wolle

4

IN THE IOWA DISTRICT COURT FOR LINN COUNTY

| | | |
|---|---|---|
| LISA E. UPAH, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. _LACV089137_ |
| | ) | |
| vs. | ) | |
| | ) | |
| MERCY MEDICAL CENTER, | ) | **PETITION** |
| | ) | |
| Defendant. | ) | |

COMES NOW Lisa E. Upah, Plaintiff in the above-captioned matter, by and through her attorneys and in support of this Petition states as follows:

## INTRODUCTION

1.      This is an action against Mercy Medical Center for disability based discrimination and termination in violation of the Plaintiff's rights pursuant to the Iowa Civil Rights Act, Iowa Code Chapter 216 and all such acts which constitute unfair employment practices pursuant to the Iowa Civil Rights Act.  Further, this is an action for wrongful discharge as Plaintiff's termination of employment constitutes a discharge against public policy.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this matter as the value exceeds the small claims jurisdictional amount.

Case 1:18-cv-00063-KEM   Document 1-4   Filed 06/20/18   Page 56 of 66

3.     Venue is appropriate in Linn County, Iowa pursuant to Iowa Code §216.16(5) as the alleged unfair practices occurred in Linn County, Iowa and the Plaintiff resides in Linn County, Iowa.

## PARTIES AND BACKGROUND

4.     Lisa Upah, the Plaintiff herein was at all times material herein a resident of Cedar Rapids, Linn County, Iowa.

5.     Defendant Mercy Medical Center is located in Cedar Rapids, Iowa and at all times material herein was doing business in Linn County, Iowa.

6.     Plaintiff Lisa Upah began employment with Mercy Medical Center on or about July 5, 2016.

7.     Plaintiff was employed and worked at a facility in Cedar Rapids, Linn County, Iowa.

8.     During her employment, the Plaintiff was subjected to harassment that resulted in Plaintiff's anxiety and her protected disability.

9.     Plaintiff, on a variety of occasions during her employment, requested reasonable accommodations due to her anxiety and disability.

10.     The requested accommodations included training and additional help with workload, among others.

11.     Those accommodations were denied and Plaintiff was simply told to do her job on a number of occasions.

12.     Plaintiff also reported a variety of unethical behavior to Human Resources and other issues including HIPAA violations.

2

13.     Plaintiff's reports to Human Resources were consistent with company policy through the Corporate Compliance Program which specifically requires reporting of unprofessional conduct and HIPAA violations, among other items.

14.     Plaintiff experienced steadily more hostile behavior in the workplace after she requested reasonable accommodations and reported various behaviors to Human Resources.

15.     The combination of the reports to HR and Plaintiff's requests for reasonable accommodations eventually led to the termination of Plaintiff's employment.

16.     Plaintiff's reports to HR concerning unethical and inappropriate behavior were made in November and December of 2016.

17.     Shortly thereafter, Plaintiff's employment was terminated on January 17, 2017.

18.     Plaintiff was not given a reason for termination other than that "she was not a good fit."

19.     Plaintiff suffered with greater harassment, bullying, and retaliation after she requested reasonable accommodation for her anxiety and after she reported unethical behavior to HR pursuant to the Company policies on Corporate Compliance.

20.     Plaintiff was discriminated against and retaliated against by Mercy Medical Center because of her disability as described above.

21.     The Plaintiff's termination based on her disability is a violation of the Iowa Civil Rights Act as outlined below.

22.     The Defendant's denial of Plaintiff's requests for reasonable accommodation is a violation of the Iowa Civil Rights Act.

23.     The Plaintiff's termination in response to her protected activity by reporting Corporate Compliance issues constitutes a wrongful discharge against public policy.

3

## PROCEDURAL PREREQUISITES

24. Plaintiff Lisa Upah initiated this employment discrimination action by timely filing a complaint with the Iowa Civil Rights Commission on or about January 19, 2017, pursuant to Iowa Code Chapter 216. A copy of said complaint is attached hereto as Exhibit A.

25. Plaintiff's complaint before the Iowa Civil Rights Commission was filed within 300 days of the discriminatory acts complained of and the acts complained of continued throughout the term of Plaintiff's employment.

26. Pursuant to Iowa Code Section 216.16 and 161 Iowa Administrative Code Section 3.10 the Plaintiff requested an Administrative Release, granting her the right to file this action in district court.

27. The Iowa Civil Rights Commission issued the Administrative Release (Right to Sue Letter) to Plaintiff on August 24, 2017. A copy of said Administrative Release is attached hereto as Exhibit B.

28. This action is timely filed within 90 days of the issuance of the Administrative Release.

29. There are no administrative filing requirements or prerequisites for filing a claim based on wrongful discharge against public policy.

## COUNT I: VIOLATION OF IOWA CIVIL RIGHTS ACT
## IOWA CODE CHAPTER 216 – DISABILITY DISCRIMINATION, FAILURE TO ACCOMMODATE, AND RETALIATION

30. The Plaintiff hereby incorporates by reference Exhibit A, her complaint to the Iowa Civil Rights Commission that was filed as referenced above, as if fully alleged herein.

31. Plaintiff further incorporates paragraphs 1 through 29 as if fully alleged herein.

4

32.     At all times material herein, Plaintiff was an employee of the Defendant, working at 701 10th Street SE, Cedar Rapids, Linn County, Iowa, within the meaning of the Iowa Civil Rights Act, Iowa Code Chapter 216.

33.     At all times material herein, Defendant was the Plaintiff's employer within the meaning of Iowa Code Chapter 216.

34.     Plaintiff's anxiety constitutes a protected disability under the Iowa Civil Rights Act; therefore, Plaintiff was disabled within the meaning of the Iowa Civil Rights Act.

35.     Plaintiff was able to perform the essential functions of her job with or without reasonable accommodations at all times material herein

36.     Plaintiff was a qualified individual with a disability.

37.     Plaintiff requested reasonable accommodations and Defendant failed to provide the necessary accommodations.

38.     Plaintiff's disability was a motivating factor in the decision to terminate her employment.

39.     The Defendant failed to accommodate Plaintiff's disability by providing adequate time off and other reasonable accommodations including training and assistance with workload as required by the Iowa Civil Rights Act, including reducing Plaintiff's workload and/or placing Plaintiff in a different role.

40.     Defendant's failure to provide reasonable accommodations is a violation of the Iowa Civil Rights Act.

41.     The actions of the Defendant in terminating the Plaintiff based on her disability constitute unlawful discrimination pursuant to the Iowa Civil Rights Acts.

42.     Defendant's actions in terminating Plaintiff in retaliation for her request for reasonable accommodations constitute a violation of the Iowa Civil Rights Act.

43.     As a result of the unlawful actions of the Defendant as described above, the Plaintiff has suffered lost wages and benefits, retirement benefits, emotional distress, humiliation, and loss of enjoyment of life.

## COUNT II:  WRONGFUL TERMINATION AGAINST PUBLIC POLICY

44.     On or about January 17, 2017, Lisa Upah's employment with Mercy Medical Center was terminated.

45.     In the months of November and December of 2016, Ms. Upah engaged in legally protected activity by reporting inappropriate behavior and violations of company policy to HR, including violations of law such as HIPAA.

46.     The treatment experienced by Ms. Upah in the workplace after she complained to HR became progressively worse and eventually culminated in her termination.

47.     Ms. Upah was terminated because she engaged in a protected activity by reporting inappropriate behavior to HR.

48.     As a result of the termination of plaintiff's employment, she sustained damages including lost wages and benefits, retirement benefits, emotional distress, humiliation, and loss of enjoyment of life.

## RELIEF

WHEREFORE, Plaintiff respectfully requests that she be made whole including but not limited to an adjudication that the conduct of Mercy Medical Center in terminating Ms. Upah's employment was unlawful as a discharge in violation of Iowa Code Chapter 216 and that the

6

Defendant's actions in failing to accommodate Ms. Upah's disability constitutes a violation of the Iowa Civil Rights Act.  Ms. Upah further seeks an adjudication that her termination constitutes a wrongful discharge against public policy.  Ms. Upah further seeks an award of lost wages and income including benefits, deferred compensation, bonuses and retirement account matching contributions, an award of compensatory damages including but not limited to emotional distress, pain and suffering, and mental anguish, along with an award of attorneys' fees, interest, court costs and any and all other relief as the court may deem just and reasonable under the circumstances and consistent with applicable law.

Respectfully submitted,

By: _____

Lynn M. Smith - 000015587
SWISHER & COHRT, P.L.C.
528 West 4th Street
P.O. Box 1200
Waterloo, IA 50704-1200
Telephone:    (319) 232-6555
Facsimile:    (319) 232-4835
E-mail        lsmith@s-c-law.com

7



EXHIBIT

A

# IOWA CIVIL RIGHTS COMMISSION COMPLAINT FORM

515-281-4121 / 800-457-4416 / Fax: 515-242-5840 / https://icrc.iowa.gov

(AGENCY USE ONLY)

ICRC CP#_____ 01-17-70016

Local Commission#_____

EEOC#_____ 846-2017-00256 C

Iowa Civil Rights Commission
400 East 14th Street
Des Moines, Iowa 50319-0201

(PLEASE TYPE OR PRINT LEGIBLY)

## SECTION 1: COMPLAINANT INFORMATION

Your legal name: Lisa Ellen Upah

Your mailing address:

City: Cedar Rapids     State: Iowa     Zip Code: 52404

Telephone #:

Email address:

Your date of birth: ☒\☒\☒     Your sex/gender: Female

Have you previously filed this complaint with any other federal, state, or local anti-discrimination agency?   ☐ Yes   ☑ No

If yes, what agency? _____ When? _____

## SECTION 2: DISCRIMINATION INFORMATION

**1.** Please indicate the **AREA(S)** in which the discrimination occurred.

Employment          Public Accommodation          Housing
Education           Credit                        Retaliation

**2.** Please indicate the **ACTION(S)** that the organization took against you.

Demotion                              Failure to Train
Denied Accommodation or Modification  Forced to Quit/Retire
Denied Benefits                       Harassment
Denied Financial Services/Credit      Layoff
Denied Service                        Reduced Hours
Discipline                            Reduced Pay
Eviction                              Sexual Harassment
Failure to Hire                       Suspension
Failure to Promote                    Termination
Failure to Rent                       Undesirable Assignment/Transfer
Failure to Recall                     Unequal Pay

Other: _____

**3.** Please indicate the **BASIS(ES)** or reasons for the discrimination.

a. Do you believe you were discriminated against because of your race? No

   If yes, what is your race? _____

b. Do you believe you were discriminated against because of your skin color? No

If yes, what is your skin color? _____

c. Do you believe you were discriminated against because of your national origin? No

If yes, what is your national origin? _____

d. Do you believe you were discriminated against because of your sex? No

If yes, what is your sex? _____

e. Do you believe you were discriminated against because of your sexual orientation? No

If yes, what is your sexual orientation? _____

f. Do you believe you were discriminated against because of your gender identity? No

If yes, what gender do you identify as? _____

g. Do you believe you were discriminated against because of a real or perceived disability? No ~~No~~ *YES*

If yes, what is your real or perceived disability? *Anxiety*

h. *changed/Added my phone call with C. on 6/23/17 Lynette, Rec.* Do you believe you were discriminated against because of your religion or creed? No

If yes, what is your religion or creed? _____

i. Do you believe you were discriminated against because of your pregnancy or pregnancy - related condition? No

j. If your complaint involves employment or credit, do you believe you were discriminated against because of your age? No

If yes, do you believe you were discriminated because you are older or because you are younger? No

k. If your complaint involves housing or credit, do you believe you were discriminated against based on your familial status? No

If yes, how many children live with you? _____

l. If your complaint involves credit, do you believe you were discriminated against based on your marital status? No

If yes, what is your marital status? _____

m. Do you believe you were retaliated against because you reported discrimination to someone within the organization, filed a complaint with the ICRC, or participated as a witness in an anti-discrimination agency proceeding? Yes

If yes, what did you report or complain about, and to whom?

I reported that I felt I was disrespected in my job. I was bullied and I was tired of it. I was not given proper training, and when I asked for help it was not given. There is a huge lack of communication when I would ask for assistance. I would usually get no response if requested help. At one point I has asked 3 times for assistant in how to issue a parking pass to a provider and my emails were never answered by Bev Dawson, Office Manager or Lisa Brandt, Credentialing Coordinator who was told in an email to show me how to do this. I would ask for help with new assignments and would get no help in learning the process by Bev Dawson, Office Manager. I reported these complaints to Dr. Carla Schulz who is the Medical Staff Office Director.

State what happened to you as a result of your report or complaint.

She spoke with the Vice President of HR about these allegations and nothing was ever responded back to me. I tried reaching out to Dr. Timothy Quinn who is Bev Dawson's supervisor to explain my concerns to him and he would not meet with me.

4. What was the date (month/day/year) of the MOST RECENT discriminatory incident? (REQUIRED):
01/11/2017

5. If Employment is the Area, what is your hire date or application date? 07\05\2016

6. Are you still employed by the organization that discriminated against you?  ☐ Yes  ☑ No

If no, when did your employment end? 01\17\2017 (month, day, year)

If no, how did your employment end?

☑ Terminated          ☐ Voluntary Quit          ☐ Forced to Quit/Retire

SECTION 1 - RESPONDENT INFORMATION

7. What is the full legal name of the organization that discriminated against you?
[This organization will be charged with discrimination and given a copy of your complaint.]
Mercy Medical Center
Address: 701 10ᵗʰ Street SE
City: Cedar Rapids   County: Linn   State: Iowa
Zip Code: 52404   Telephone #: (_____) _____-_____

8. If the organization listed in #7 has a parent organization or corporate office, list it here.
[This organization will also be charged with discrimination and given a copy of your complaint.]
N/A
Address: _____
City: _____ State: _____
Zip Code: _____ Telephone #: (_____) _____-_____

9. Provide the address of the location where the discrimination occurred:

701 10ᵗʰ Street SE Cedar Rapids, Iowa 52403

10. If you are claiming harassment, identify the individual(s) who harassed you.  These individuals will be charged with discrimination and will be given a copy of your complaint.
*Note: Individuals cannot be named as respondents in complaints in the Area of Education*

Name: Beverly Dawson   Job Title: Office Manager
Work or Home Address: 701 10ᵗʰ Street SE Cedar Rapids, Iowa 52403

Name: Lisa Brandt   Job Title: Credentialing Coordinator
Work or Home Address: 701 10ᵗʰ Street SE Cedar Rapids, Iowa 52403

If more than two individuals, please list by name, job title, and address on an attached piece of paper.

11. If Employment is the Area, indicate approximate number of ALL employees (full-time and part-time) at ALL employer locations nationwide (REQUIRED):

☐ 4-14    ☐ 15-19    ☐ 20-100    ☐ 101-200    ☐ 201-500    ☑ 500+

## SECTION 4: BRIEF SUMMARY OF ALLEGATIONS

Please describe what happened to you. State how you were discriminated against. What happened? When did it happen? Be sure to address each Action you checked on page one and each Basis you addressed on page two. *[Please read the instruction sheet before writing your brief summary.]*

10/21/2016 I had my 90 day review there were things on there that were marked Satisfactory and things marked Needs Improvement. Bev marked needs improvement under competencies. She suggested mark deadlines on outlook calendar, allow extra times to complete tasks. Task Prioritization. Limit the impact of interruptions by prioritizing the task with what you are doing at the moment. I requested a feedback, question and answer session for 30 minutes 3 times a week to limit the amount of times I would need to interrupt her and learn the job. This lasted about 1 month then she stopped without notice to me. She did not follow through with this request. At this point there were still jobs I was responsible for and had not done yet. She also noted on my review I needed to take the Intro to The Mercy Touch Retreat. This had already been done and she was aware of it. I took the class on 09/30/2016. Again, lack of communication from Bev Dawson.

01/11/17 at 3:50 pm a provider came in to sign some forms. She said she received an email from Lisa Brandt that she needed to sign some things and go over some paperwork before the 13th of January. The provider was told if Lisa was not there someone would know what she needed to sign. Nothing was communicated to me and Bev was not in the office. The provider left very upset because of the lack of communication that was not relayed to me. She said Lisa will either need to find a better way of communicating what the providers need to sign or bring it to her office and she will try and do it between patient. I apologized to the provider I was not able to help and nothing was communicated to me. The provider knew it was no fault of mine. On the 12th was I then told by email from Lisa Brandt where the file was and I also received an email from Bev to call her personal cell phone at any time. "That's the whole reason why I carry it with me when I am not in the office" I feel this information should have been communicated to me prior to Lisa Brandt leaving that day. Again, lack of training and communication from Lisa Brandt and Bev Dawson.

01/04/17 I was sent an email by Bev Dawson and told to set up a meeting between Dr. Schulz, Dr. Eilers, Dr. Aucutt and Dr. Abramson to discuss the gastroenterology coverage. It was to be scheduled between January 9th and January 12th. This has nothing to do with me or my job duties. This is something Bev should have handled on her own. I have no idea why I was asked to do this when I was not hired as a secretary and it did not involve me or any type of Allied Health Credentialing. I did the job to the best of my ability. I did not have all the providers schedule and when I talked with Dr. Abramson's office manager she said Dr. Abramson will not like coming to meetings at Mercy 3 times that week for meetings. I went in and talked to Bev about this meeting she wanted me to set up and said she needed to handle it because Dr. Abramson's office manager was not wanting to set up another meeting on another day. He wanted it done before or after one of his other meetings. I could tell she was very upset with me because this was not done. I had no control over it and again had nothing to do with me or my job duties.

12/16/16 Dr. Baustian sent Lisa Brant and Bev Dawson an email stating Nathan McDelan has started his orientation at Mercy and needs a mirror hanger card for parking. Bev Dawson forwarded the message to Lisa Brandt and myself asking "Lisa B. can you walk Lisa U through the parking card process?  Thanks! - BD"  On December 27th I sent a reminder to Bev Dawson and Lisa Brandt that this has not been done yet can some please help me with it since I had never done one before. On January 3rd I still had not heard from Lisa Brandt or Bev Dawson so I sent another email to Lisa Brandt and Bev Dawson saying I received no response.  Again, lack of training and communication on the part of Lisa Brandt and Bev Dawson.

12/27/16 I sent Lisa Brandt and Bev Dawson an email stating I overheard her tell Megan Taube she moved the copy paper to a different location in the office. Can you please tell me where you moved it to and are there any other daily supplies we all use that have been moved to a different location? I heard no response from either Lisa Brandt or Bev Dawson. Therefore again, lack of office communication and teamwork.

12/16/16 I received a forwarded email from Lisa Brandt that was just blank with no instructions. It was an email from Bev Kotowske who was inquiring about Dr. Mohan Reddy Gadam requesting verification of hospital privileges regarding his residency. Again, no communication from Lisa Brandt.

12/19/16 I asked Bev Dawson for a list of jobs that were my responsibility to do and she had to have someone else do them and asked her to explain why I was not doing them if they were my responsibility. She sent me a list back and said she made a decision to complete these herself or delegate to someone else as I was still completing other high priority tasks. She went on to explain "we are a team and tasks may be reassigned based on priorities and workloads at the time. This is why cross training/back up coverage is in the job description." "Why do I ask?" I just thank her for her feedback. Again, I was never crossed trained or new anything about these tasks that needed to be completed by me. Or the opportunity to ask if I would like to learn. Again, lack of communication and training from Bev Dawson. She went on to say "she has been providing feedback on a task by task basis would you prefer a weekly summary or would you find another way more useful for you?" I responded a week summary would be great. This was never done. Again, lack of communication and training to do my job by Bev Dawson.

11/04/16 I was asked by office manager Stacy Johnson to change Dr. Yacoub's call number. The switchboard was giving out the wrong information. Do I know who this would be? I replied back to Stacy by email I was not sure but I will do some checking and find out and let her know. Since the call schedule was one of my job responsibilities I asked Bev Dawson for assistance. Bev's response to me was "Stacy is going to have to track it down herself to find out who does not have this changed. The call center is supposed to use our schedule. We can not track down to see who is in charge of the call center." I asked Bev if she knew who was in charge of the call schedule in the main hospital. She told me it was up to Stacy to track that information down. She did not have any idea who the call center uses. Even though I was responsible for setting up the providers for the call schedule. I explained to Stacy I was extremely sorry I was not able to help her. Stacy understood my position and was disappointed another office manager was unwilling to help. After a couple of days passed Jess Coppes came to my office and we did it together. Again, lack of communication and training on Bev Dawson's part.

09/27/16 Lisa Brandt was sent a request for Dr. Ssemakula from Sharon Collier needing hospital verification at 3:10 pm. Lisa Brandt advised our CMO completes these request and she is out of the office until the week of October 10th. This was a high priority provider they needed to get to their credentialing committee by the 12th of October. Lisa Brandt forwarded the email to me at 9:38 am on September 28, 2016 with no information attached. I emailed Sharon Collier back stating I was not aware that Dr. Schulz was out of the office until the well of October 10th. I will have it signed and sent back as soon as she returns. Again, no communication from Lisa Brandt.

09/26/16 Keeping track of expired documents was one of my many job responsibilities. Before I send a notice to a provider I look on the website to see if it has been updated yet. If it has not I send out a notice to the provider. After the notices were sent out Lisa Brandt would somehow get the information and add it to the system. I emailed her a very nice email asking her if things were sent or she pulled something off the web and updated it if she can let me know. This is a very time consuming job. I just thought it would make my job easier and less timely if she can let me know she had already done it and it would show "teamwork". Again no response to my request from Lisa Brandt.

09/02/16 I received an email from Lisa Brant listing all the Allied Health practitioners who had resigned effective 09/16/16. Never having done this part of the job before, and since I was in charge of the Allied Providers I was not sure why I was not shown how to do this. I sent Lisa Brandt an email and cc'd Bev Dawson asking if I am supposed to do something with this list of providers. Do I need to file it someplace? As of 09/27/2016 and to this day I have had no response from Lisa Brant or Bev Dawson. Again, lack of communication and training on their part.

09/08/2016 I received an email from Kelley Megonigle who is the project coordinator in Human Resources. She asked if I was able to help her with a phone call she received from "Kaelin" with Humana Insurance. She needed to confirm provider information and if they are still accepting Humana Medicare insurance. Kelley asked if I was able to call Kaelin back because "she has received unwelcome/rude behavior from someone in your office (not you!) and also with someone in our office. Kaelin was put on hold forever and then hung up on and doesn't want to call back." I responded I would call Kaelin and take care of the problem and answer her questions. I apologized to Kaelin for the response she received from our office. I could tell Kaelin was very frustrated in the way she was treated. I answered her questions and Kaelin was very happy I called her back with the information she needed and thanked me for the help.. Kaelin was very kind to me when I spoke with her yet she expressed her frustration. I let Kelley Megonigle know I spoke with Kaelin and everything was good. Kelley responded "Thank you. I knew you would take care of this. Thanks for being a great example of what the Mercy Touch really is." Again, lack of communication from Lisa Brandt. And not showing the Mercy Touch to outside representatives.

These just being a few example of what it was like going into work every day. NO ONE would say good morning or have a nice night when coming or going to me. When Bev Dawson or Lisa Brandt would leave the office and I was there alone I was never communicated as where anyone was leaving to. It was a very small area and my office was in the back that this information could and should have been communicated to. Again to show teamwork and the Mercy Touch and just plain respect for your co-workers. I feel I was harassed and bullied on a daily basis. If the only people in the office were Bev Dawson, Lisa Brandt and myself and Bev Dawson had to leave she would not communicate to me where she was going therefore it made it very difficult to communicate with her

if I did have any questions regarding my job duties and how to do them that were new to me. Therefore failure to train came into play.

At one point Bev Dawson argued with me about receiving a copy of Dr. Carla Schulz schedule to know when she would be available in the office. I explained to Bev I have never received a copy of Dr. Schulz schedule. She said "yes you do!" I again said no I don't. This was confirmed by Dr. Schulz that she has NEVER given me a copy of her schedule. Again, lack of respect from Bev Dawson.

I was asked by Bev Dawson to make up "mock-up minutes" to meetings that did not happen yet or I did not attend. There was no consistency in any of her final minutes for me to go by. No matter what I wrote it would never be right. I would even ask her how she wanted something wrote and she would change it on the final draft. Therefore, failure to train came into play.

On 01/03/2017 there was a Medical Executive meeting held. I did Bev's "mock-up minutes" and under unfinished business Bev Dawson wrote "Time of MEC meetings (bold, italic) meaning she wanted me when re-writing these to make this bold and italic. She proceeded to write "Dr. Eilers...etc; motion was to keep and passed but review for 2018 schedule" I went in and asked her what she would like me to put in there. She said "you know what to put, you know Dr. Eilers was going to talk about this." I explained to her I was not at the meeting, I have no idea what was said, I can not just make something up. She then said in a very stern tone "just forget it, I'll put something in there. Just leave it blank." I said "if you will just please tell me what was said I can write it in." She said "no just forget it." I left her office and went straight to Dr. Carla Schulz office who is the Director of the Medical Staff Office and asked for her help. I explained to Dr. Schulz what was said and I just needed to know what to put in there and can she please help me. Dr. Schulz said this was silly and Bev's wording seemed wrong because that is not what happened. Dr. Schulz did proceed to help me with the wording. But when the final draft came back it was all changed by Bev Dawson. Again, lack of training and communication from Bev Dawson.

I went and saw my family provider on December 15, 2018 and explained to her what was going on at work. My blood pressure was elevated and my anxiety level was beyond controllable. She started me on anxiety medication and requested I seek EAP counseling due to the harassment I was receiving. I had my first EAP meeting December 29, 2016. She offered suggestions on how I could make this work. I followed up with my EAP counselor on January 11, 2017. I explained to her things were not any better. She did inform me what Bev Dawson and Lisa Brandt was showing was a type of hazing. I said I guess I never really looked at it that way. I was supposed to meet with her again on January 19th but since my employment was terminated I cancelled the appointment. I have requested a copy of those medical records and will be picking those up today.

I have often gone in on my own time trying to get many of my tasks completed to meet Bev's deadline. Due to not having the correct training for some things it did not get completed on time. This was one of the causes of my termination. The main reason for my termination I was told "I was not a good fit." I do not feel these were things I had control of. I would look up things on the Medical Staff Office orientation web site to find out how to do things only to find out the web site was not updated. Example being running the expired documentation report. When I did try and do this on my own Bev Dawson said "do not use this as it is not updated." Again, lack of training and correct documentation in a policy from Bev Dawson. The weekend of December 18th and

December 19th I put in 16 hours of my own time to try and get things caught up.  Dr. Schulz and the Vice President of Human Services were aware I was in working.  They said now that they know about this they have to pay me. I still have not been paid.

I often heard Lisa Brandt and Bev Dawson talk negative about providers and office managers. Once day Bev Dawson went on a 22 minutes rant about the provider and office manager from Radiology Consultants of Iowa.  I finally had to leave my office and go across the hall because I did not want to hear anymore about this.  I feel this is very unethical and unprofessional for office managers and credentialing coordinators to be doing.

I certify under penalty of perjury and pursuant to the laws of the State of Iowa and the laws of the United States of America that the preceding charge is true and correct.

X *Lisa Lloyd*
Signature of Complainant (REQUIRED)                              Date 01/19/2017

EXHIBIT

B

Administrative Release
(Letter of Right-To-Sue)

| To: | ) | From: |
|-----|---|-------|
| | ) | |
| MS. LISA UPAH | ) | Iowa Civil Rights Commission |
| 4030 37TH AVE UNIT B | ) | Grimes State Office Building |
| CEDAR RAPIDS, IA 52404 | ) | 400 E. 14th Street |
| | ) | Des Moines, Iowa 50319 |

| Complaint CP# 01-17-70016 | EEOC# 26A-2017-00256C |
|---|---|

This is your Administrative Release (Right-To-Sue) Letter issued pursuant to Iowa Code § 216.16 and 161 Iowa Administrative Code Section § 3.10. It is issued pursuant to your request.

The conditions precedent found in 161 Administrative Code § 3.10(2) have been met.

With this Right-To-Sue Letter, you have the right to commence an action in district court. That action must be commenced within ninety (90) days of the Right-To-Sue Letter issuance date, **8/24/2017**. The Right-To-Sue Letter is not a finding by the ICRC on the merits of the charge. The ICRC will take no further action in this matter.

A copy of the Right-To-Sue Letter has been sent to the Respondent(s) as shown below. The Administrative Code allows any party to obtain a complete copy of the case file after a Right-To Sue Letter has been issued. Requests for copies should be directed to Kaitlin Smith at kaitlin.smith@iowa.gov

The Iowa Civil Rights Commission
Phone: (515) 281-4121
FAX: (515) 242-5840

cc: File
    LYNN M. SMITH, Complainant's Attorney
    THOMAS D. WOLLE, Respondent's Attorney
    MERCY MEDICAL CENTER
    BEVERLY DAWSON, OFFICE MANAGER
    LISA BRANDT, CREDENTIALING COORDINATOR